IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01174-BNB

LEON ASKEW,

Applicant,

v.

KEVIN MILYARD, and
the ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 2 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Leon Askew, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Askew filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006). He has paid the $5.00 filing fee.

The Court must construe the habeas corpus application liberally because Mr. Askew is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a Court should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Askew will be ordered to file an amended application.

The Court has reviewed the application and finds that the application is deficient. Mr. Askew's application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of**

*Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Askew's application is confusing. He fails to make clear whether he is asserting claims pursuant to 28 U.S.C. § 2254, which challenge the validity of his conviction and sentence, or claims pursuant to 28 U.S.C. § 2241, which challenge the execution of that conviction and sentence. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). To the extent Mr. Askew asserts claims challenging the execution of his sentence, he must do so in a separate habeas corpus action pursuant to § 2241. To the extent he is challenging the validity of his conviction and sentence, he may do so in the instant action pursuant to § 2254.

Mr. Askew must exhaust state remedies before he raises his claims in federal court. *See id.* The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). Although Mr. Askew has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file the appropriate claims on an amended 28 U.S.C.

§ 2254 application, to clarify his claims, and to clarify the steps he has taken to exhaust state-court remedies. Accordingly, it is

ORDERED that Mr. Askew file **within thirty (30) days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Askew, together with a copy of this order, two copies of the Court-approved form for use in filing the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Burns fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED June 12, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01174-BNB

Leon H. Askew
Prisoner No. 110616
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/12/07.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk